Sam Johnson
JOHNSON & MONTELEONE, L.L.P.
405 South Eighth Street, Suite 250
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
*sam@treasurevalleylawyers.com*
Idaho State Bar No. 4777

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUPITA N. CONNOR, <br><br> Plaintiff, <br><br> v. <br><br> MICRON TECHNOLOGY, INC., a Delaware corporation, and JOHN/JANE DOES I through X whose true identities are presently unknown, <br><br> Defendants. | Case No. CIV 05-275-S-EJL <br><br> **AFFIDAVIT OF PLAINTIFF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

STATE OF IDAHO   )
                 ) ss:
County of Ada    )

LUPITA N. CONNOR, being first duly sworn, deposes and states:

1. I am the Plaintiff in the above-referenced matter and make this affidavit based upon my own personal knowledge and belief.

2. I worked for Micron for nearly six (6) years from March 24, 1998, until January 14, 2004, the day on which Micron terminated my employment.

**AFFIDAVIT OF PLAINTIFF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1**

3. For roughly five (5) years of my employment with Micron, I was subjected to the unwelcome sexual advances and requests for sexual favors from my immediate supervisor in the Mark and Scan of the Test Department, Mr. John Morin ("Lead Operator"). The unwelcome advances started occurring in year 1998 or 1999, and continued through the time of Mr. Morin's termination on or about January 27, 2003. As a result of Mr. Morin's conduct, I filed a "Charge of Discrimination" with the Idaho Human Rights Commission/Equal Employment Opportunity Commission on October 29, 2003. (*See* "CHARGE OF DISCRIMINATION" filed under penalty of perjury and attached to the Affidavit of Patricia M. Olsson ("Olsson Aff.") as Exhibit A, Bates number MTI0632.

4. In the October 29, 2003, charge, I stated under the penalty of perjury the nature and history of the advances Mr. Morin made towards me during the relevant portions of my employment with Micron, all of which are hereby incorporated herein by this reference as if fully set forth herein. This October 29, 2003, charge also includes my claims against Micron for retaliating against me for lodging a complaint of sexual harassment and for participating in the investigation of the same.

5. After filing the October 29, 2003, charge, Micron continued to harass and retaliate against me which ultimately culminated in Micron's termination of my employment on January 14, 2004. As a result of the continued harassment and retaliation and ultimate termination, I filed a second "CHARGE OF DISCRIMINATION" under the penalty of perjury with the Idaho Human Rights Commission/Equal Employment Opportunity Commission on February 25, 2004. (*See* "CHARGE OF DISCRIMINATION" filed under penalty of perjury and attached to the Olsson Aff. as

Exhibit A, Bates number MTI0707). This charge essentially covers the time frame between the facts set forth in my earlier charge and the time of my January 14, 2004, termination.

6. After reviewing Micron's responses to my charges of discrimination, I filed a comprehensive rebuttal statement with a variety of exhibits and supporting documents appended thereto. A true, correct, and complete copy of my rebuttal statement is attached hereto as Exhibit "1", and hereby incorporated herein by this reference as if fully set forth herein.

7. Based upon all the filings and submissions referenced above, the Idaho Human Rights Commission issued its "INVESTIGATOR'S REPORT AND COMMISSION DETERMINATION" on April 18, 2005. (*See* Report and Determination attached hereto and incorporated herein as Exhibit "2"). Director, Ms. Leslie R. Goddard, signed the determinations on behalf of the full Commission. Ms. Jane E. Hochberg, Deputy Attorney General, conducted the analysis on behalf of the state of Idaho.

8. With respect to the charge of sexual harassment, the commission found, "Complainant has shown that Mr. Morin's conduct was sufficiently severe or pervasive to alter the conditions of her employment and created an abusive working environment." *Id, p. 12 of 16.* The commission also found, "Mr. Morin's job duties include the authority to assign job duties and tasks and writing up employees for problems and, therefore, he is considered a supervisor." *Id, p. 13 of 16.* The commission further found:

> While Respondent acted promptly to correct Mr. Morin's conduct in January 2003, evidence shows that Respondent knew of at least some of Mr. Morin's previous acts of sexual harassment yet did not take appropriate corrective

>   action at that time and did not exercise reasonable care to prevent future harassing behavior by Mr. Morin. Respondent has not proven that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior.

*Id*, p. 13 of 16.

9. On the issue of whether I timely filed my charges, the Commission found:

>   Hostile environment claims, however, "by their very nature . . . involve repeated conduct. <u>Cherosky v. Henderson</u>, 330 F.3d 1243, 1246 (9th Cir. 2003). Hostile environment claims "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." <u>Id</u>. (*quoting* <u>National Railway Passenger Corp. v. Morgan</u>, 536 U.S. 101, 127 (2002)). Complaintant's hostile environment claim will, therefore, be considered timely.

*Id*, p. 12 of 16.

10. Based upon these findings, the Commission ruled that on the facts presented here, "**the Commission finds probable cause** to believe that Respondent has engaged in unlawful discrimination in the form of sexual harassment." *Id.*

11. With respect to the charges of retaliation, the Commission found "**no probable cause** to believe that Respondent retaliated against Complainant.

Further your Affiant sayeth naught.

_____
Lupita N. Connor

AFFIDAVIT OF PLAINTIFF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 4

Subscribed and sworn to before me, this 5th day of January, 2007.

*Cara D. Rice*
Notary Public for Idaho
Residing at: Boise
My Commission Expires: 4/6/2012

[Notary Seal: CARA D. RICE, NOTARY PUBLIC, STATE OF IDAHO]

**CERTIFICATE OF MAILING, DELIVERY, OR FACSIMILE TRANSMISSION**

I CERTIFY that on January 5, 2007, I caused a true and correct copy of the foregoing document to be:

| ☐ mailed<br>☐ hand delivered<br>☒ CM/ECF Electronic Filing<br>☐ transmitted fax machine<br>to: | Patricia M. Olsson, Esq.<br>MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHTD.<br>101 S. Capitol Blvd., 10th Floor<br>P. O. Box 829<br>Boise, ID 83701-0829 |
|---|---|

JOHNSON & MONTELEONE, L.L.P.

*Sam Johnson*
Sam Johnson
Attorney for Plaintiff

AFFIDAVIT OF PLAINTIFF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5