Sam Johnson
JOHNSON & MONTELEONE, L.L.P.
405 South Eighth Street, Suite 250
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
sam@treasurevalleylawyers.com
Idaho State Bar No. 4777


Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUPITA N. CONNOR,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., a Delaware corporation, and JOHN/JANE DOES I through X whose true identities are presently unknown,<br><br>Defendants. | Case No. CIV 05-275-S-EJL<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

This case involves sexual harassment in the workplace. Plaintiff has brought causes of action under both Title VII of the Civil Rights Act of 1964 and the Idaho Human Rights Act, and causes of action for the breach of the covenant of good faith implied in the employment contract, for the intentional infliction of emotional distress, and for negligence. It is now before the court on the Defendant Micron Technology

Inc.'s (sometimes hereinafter "Micron") Motion for Summary Judgment. This memorandum will show judgment should not be summarily entered in this matter.

## ARGUMENTS AND AUTHORITIES

**I.) Genuine Issues of Material Fact Preclude the Entry of Summary Judgment on Plaintiff's Sexual Harassment Claim.**

Micron cannot meet its burden of demonstrating that the issues in this case are so one-sided that it is entitled to prevail as a matter of law on Plaintiff's sexual harassment claim. Genuine issues of material fact exist with respect to: 1.) whether Plaintiff was subjected to a hostile work environment, 2.) whether Micron knew or should have known of the illegal conduct, and 3.) whether Micron appropriately handled the complaints of sexual harassment it received. These issues preclude an entry of summary judgment on this claim.

**A. Plaintiff Was Subjected To A Hostile Work Environment.**

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000a, *et seq.*, prohibits an employer from discriminating against an employee on the basis of sex with respect to her compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e-2(a)(1). This prohibition proscribes sexual harassment in the workplace. *See, e.g., Smith v. Norwest Financial Acceptance, Inc.*, 129 F.3d 1408, 1412 (10th Cir. 1997). Hostile work environment harassment occurs when unwelcome sexual conduct, "[U]nreasonably interferes with an individual's work performance or creates an intimidating, hostile, or offensive working environment." *Smith,* 129 F.3d at 1412; *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 65 (1986).

For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working

environment. *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270 (2001)

The United States Supreme Court has directed courts to determine whether an environment is sufficiently hostile or abusive by looking at all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275, 2283 (1998) (*citing Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 23, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993)).

The evidence of record in this case clearly meets the severe or pervasive standard. In *Smith v. Norwest Financial Acceptance, Inc.*, 129 F.3d 1408 (10th Cir. 1997), the Tenth Circuit ruled that six sexually inappropriate, offensive statements directed at plaintiff by her supervisor in the earshot of her coworkers which humiliated and upset her was sufficiently severe and pervasive. Similarly, in *Hirase-Doi v. U.S. Communications, Inc.*, 61 F.3d 777 (10th Cir. 1995), it was held that evidence of verbal and written comments, an attempt to touch the plaintiff's breast, and grabbing the plaintiff, along with the plaintiff's knowledge of harassment of other employees, were sufficient to provide a finder of fact a reasonable basis upon which to find that the plaintiff was subjected to hostile work environment sexual harassment.

In *Russell v. Midwest-Werner & Pfleiderer, Inc.*, 949 F.Supp. 792 (D.Kan. 1996), it was held that evidence of eight sexually inappropriate incidents, including physical touching, repeated sexually suggestive comments and actions, and demeaning behavior, demonstrated a quintessential question of fact as to whether the harassment was severe or

pervasive.[1] Plaintiff has produced a much greater quantum of evidence than this, and therefore, it is for a jury to decide whether Plaintiff was sexually harassed.

Significant here is the fact the Idaho Human Rights Commission investigated Connor's hostile work environment claims, as well as Micron's defenses raised by the instant motion, and expressly found Connor "<u>has shown that Mr. Morin's conduct was sufficiently severe or pervasive to alter the conditions of her employment and created an abusive working environment</u>." (emphasis added). From these findings, the Commission found probable cause to believe Micron engaged in unlawful discrimination in the form of sexual harassment. A probable cause determination prepared by professionals on behalf of an independent agency is "a highly probative evaluation of an individual's discrimination complaint" and is admissible as evidence of discrimination at trial. *Plummer v. Western Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir. 1981). It also suffices to create a genuine issue of fact in opposition to a summary judgment motion. *Gifford v. Atchison, Topeka and Santa Fe Ry Co.*, 685 F.2d 1149, 1156 (9th Cir. 1982).

There is no wonder the Commission found as it did from the facts here. Morin behaved deplorably in a sexually charged way over a long period of time toward Connor. He manipulated Connor by taking advantage of his supervisory capacity, made demeaning comments about anal sex, pregnant woman and sex, and how he and Connor's deceased parents were both in heaven wanting the two of them to have an affair. He used

---

[1] *See also Rorie v. United Parcel Service, Inc.*, 151 F.3d 757, 762 (8th Cir. 1998) (finding, "...[W]e cannot say that a supervisor who pats a female employee on the back, brushes up against her, and tells her she smells good does not constitute sexual harassment as a matter of law."); *Hathaway v. Runyon*, 132 F.3d 1214, 1222 (8th Cir. 1997) (holding a plaintiff who was physically touched in a sexually suggestive and intimate manner on two occasions and coworkers laughed, snickered, and made suggestive noises at her for a period of eight months made out a case of hostile work environment that required resolution by a jury); *Howard v. Burns Bros., Inc.*, 149 F.3d 835, 840 (8th Cir. 1998) (ruling that one incident of unwanted physical contact and frequent, chronic sexual innuendos was sufficient to create a jury question of an offensive and hostile environment).

his influence to swindle Connor into dancing with him at a local club, got her drunk, and then manipulated sexual favors from her. He continued to torment her thereafter.

The Commission's finding of probable cause alone is ample evidence to overcome Micron's motion for summary judgment on the issue of whether a hostile work environment existed at Micron. But, even without it, Connor has shown the harassment she endured at Micron was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. In any event, the motion for summary dismissal should be denied.

## II.) Micron Has Not Met Its Burden of Proving Any Affirmative Defense.

Micron's affirmative defense under *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998) fails before it even gets started. Micron has fallen well short of proving the first prong of the affirmative defense – that it exercised reasonable care to prevent and promptly correct any sexually harassing behavior.

On this first prong of the defense, the Commission expressly found Micron has not proven that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior. *See Plaintiff's Statement of Disputed Facts In Opposition to Summary Judgment, ¶ 13.* We know from the previously cited authority, *Plummer and Gifford, supra*, that the Commission's above finding is highly probative, admissible evidence and suffices to create a genuine issue of fact in opposition to summary judgment. Thus, the affirmative defense under *Faragher* instantly fails and Micron's motion for summary judgment can not be restored and consequently should be denied.

In reaching its conclusion on whether Micron exercised reasonable care to prevent and promptly correct any sexually harassing behavior, the Commission noted how

Micron knew of "at least some of Mr. Morin's previous acts of sexual harassment yet did not take appropriate corrective action at that time and did not exercise reasonable care to prevent future harassing behavior by Mr. Morin. *See Exhibit "2", Connor Aff., p. 13 of 16.* In other words, Micron had a predator in its midst and failed to do anything about it. Connor described in her first charge how Micron sat idly by and allowed Morin to flaunt about other harassment claims brought against him, inquired whether Connor planned to follow suit, and even boasted about having dirt on upper management which rendered him untouchable. *See Plaintiff's Statement of Disputed Facts In Opposition to Summary Judgment, ¶ 4; see also Exhibit "A", Olsson Aff., Bates number MTI0633-34.* Connor said it best when noting how Morin should have been terminated a long time ago. *Id, Bates number MTI0635.*

Again, Micron's affirmative defense clearly fails based upon the foregoing. And, although, the affirmative defense has already been shown to have no merit, it may be worth discussing its other flaws. For example, Micron has not shown it even has the right to avail itself of the affirmative defense since it truly only exists when no tangible employment action has been taken against the harasser. *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). In other words, no affirmative defense is available where, like here, the supervisor's harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment. *Id.* Here, Morin's harassment culminated in an undesirable reassignment of being forced to work under John Purtill or suffer termination. Micron acknowledges that is precisely what occurred here. *See Affidavit of Carol Brown In support of Defendant Micron Technology, Inc.'s Motion for Summary Judgment, Exhibit "E", Bates Numbers MTI0726, 729, 730, 731, 738, 739.*

In sum, Micron's motion for summary judgment based upon its affirmative defenses should be denied.

### III.) Connor has Established a Prima Facie Case of Retaliation.

"To make out a prima facie case of retaliation under Title VII, see 42 U.S.C. § 2000e-3, [a plaintiff] must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision. *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 965 (9th Cir. 2004)(internal quotation marks omitted).

There can be no doubt but that Connor engaged in the protected activity of reporting sexual harassment. Similarly, there can be no doubt but that she suffered the adverse employment action of being terminated by Micron. Finally, there can be no doubt, based upon the foregoing, that a causal link exists between the protected activity of reporting harassment and the ultimate termination for refusing to work under the supervision of John Purtill. *See Affidavit of Carol Brown In support of Defendant Micron Technology, Inc.'s Motion for Summary Judgment, Exhibit "E", Bates Numbers MTI0726, 729, 730, 731, 738, 739.* Unmistakably, the causation issue involves a determination of Micron's intent for terminating Connor. "Summary Judgment is generally not proper when the intent of a party is placed in issue." *Gifford v. Atchison, Topeka and Santa Fe Ry Co.*, 685 F.2d 1149, 1156 (9th Cir. 1982). For all of the above reasons, Micron's motion with respect to Connor's retaliation claims should be denied.

### IV.) Connor's State Law Claims have Merit.

Micron argues Connor's claim for the breach of the implied covenant of good faith and fair dealing should be summarily dismissed based essentially on Connor's status

as an employee at-will. However, her at-will status does not necessarily preclude a claim for the breach of good faith and fair dealing. "The employer and employee at will may terminate the relationship at any time for any reason without incurring liability, unless the motivation for the termination contravenes public policy. *Hummer v. Evans*, 923 P.2d 981, 986 (1996). "Public policy of the state is found in the constitution and statutes." *Edmondson v. Shearer Lumber*, 75 P.3d 733, 738 (2003). For the reasons presented above, genuine issues of fact exist on whether Plaintiff was terminated in contravention of public policy as set forth in the Idaho Human Rights Act.

As Micron points out, there are four (4) necessary elements to establish a claim for the intentional infliction of emotional distress: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe. *Edmondson v. Shearer Lumber*, 139 Idaho 172, 179, 75 P.3d 733, 740 (2003). Based upon the evidence of record and the arguments presented above, a factual basis touches on each of the four elements of this claim and summary judgment on it should therefore be denied.

Finally, Micron argues that Connor's claim for negligent supervision should not survive summary judgment because it is barred by the exclusive remedy provisions under Idaho Worker's Compensation Act. Although it may be an interesting argument, Micron acknowledges the absence of any Idaho law to support it. *Micron's Memo, p. 18*. Even more interesting perhaps is how the Idaho Industrial Commission might respond to any such claim presented to it.

Nonetheless, with regard to Micron's contention that Idaho's worker's compensation statute precludes a cause of action for negligence, Connor submits that this contention is inaccurate. First, Idaho's Workers' Compensation Act, I.C. § 72-101, *et seq.*, clearly does not compensate for purely mental, emotional, or psychological injuries. I.C. §§ 72-102(20)(a) and 72-451. Second, the exclusivity provision of a workers' compensation statute should not, as a matter of public policy, prevent an employee from bringing claims for negligent retention or supervision, especially when the tortfeasor is acting outside the scope of his employment. *See, e.g., Gomez v. Metro Dade County*, 801 F.Supp. 674 (S.D.Fla. 1992) (strong public policy against sexual harassment in the workplace precludes application of exclusivity rule of state workers' compensation statute to bar a plaintiff's negligent retention and negligent supervision claims); *Hogan v. Forsyth Country Club Co.*, 79 NC App 483, 340 SE2d 116 (1986) (negligent supervision claim not barred by workers' compensation law where the harassment of waitress was not within scope of employment).

Given the law as analyzed above, Connor should be allowed to maintain her cause of action for negligence against Micron.

## CONCLUSION

Based on the foregoing arguments and authorities, Plaintiff respectfully asks this court to deny the motion for summary judgment in its entirety, as genuine issues of material fact preclude summary adjudication of this lawsuit.

DATED: This 6 day of January, 2007.

JOHNSON & MONTELEONE, L.L.P.

_____
Sam Johnson

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

## CERTIFICATE OF MAILING, DELIVERY, OR FACSIMILE TRANSMISSION

I CERTIFY that on January 6, 2007, I caused a true and correct copy of the foregoing document to be:

| | |
|---|---|
| ☐ mailed<br>☐ hand delivered<br>☒ CM/ECF Electronic Filing<br>☐ transmitted fax machine to: | Patricia M. Olsson, Esq.<br>MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHTD.<br>101 S. Capitol Blvd., 10th Floor<br>Boise, ID 83701-0829 |

JOHNSON & MONTELEONE, L.L.P.

_____
Sam Johnson
Attorney for Plaintiff