Sam Johnson
JOHNSON & MONTELEONE, L.L.P.
405 South Eighth Street, Suite 250
Boise, Idaho 83702
Telephone: (208) 331-2100
Facsimile: (208) 947-2424
*sam@treasurevalleylawyers.com*
Idaho State Bar No. 4777

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| LUPITA N. CONNOR,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., a Delaware corporation, and JOHN/JANE DOES I through X whose true identities are presently unknown,<br><br>Defendants. | **Case No. CIV 05-275-S-EJL**<br><br>**PLAINTIFF'S SUPPLMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

## INTRODUCTION

During oral arguments at the hearing on Micron's motion for summary judgment, the court asked counsel to submit additional briefing on the question of whether the INVESTIGATOR'S REPORT AND COMMISSION DETERMINATION ("Report') issued by the Idaho Human Rights Commission ("Commission"), standing alone, is sufficient to create a genuine issue of material fact to overcome summary judgment. A corollary question involves the extent to which the courts have deemed such a report

admissible (i.e. whether the entire report is admissible or simply the finding of probable cause itself).

## ARGUMENTS AND AUTHORITIES

The Report issued by the Commission in this case, standing alone, is sufficient to overcome Micron's motion for summary judgment. Here, we have a comprehensive Report comprising factual and legal analysis and conclusions made after an impartial investigation overseen by the director of the Commission. Plaintiff concedes the outcome here might be different, if the Report was conclusory and devoid of analysis, but since it contains the hallmarks of a well-reasoned and thorough report, it alone, creates triable facts. As will be shown below, the answer to the question posed by the court turns on the quality of the report prepared by the independent agency.

In *Gifford v. Atchison, Topeka and Santa Fe Ry. Co.*, 685 F.2d 1149, 1156 (9th Cir. 1982), the Ninth Circuit found an EEOC report was sufficient to create an issue of fact on the issue of whether an employer had treated the female plaintiff differently than similarly-situated male employees. *Id.* By contrast, the Ninth Circuit in *Coleman v. Quaker Oats Co.*, 232 F.3d 1271 (9th Cir. 2000), found that a conclusory EEOC reasonable cause letter, all by itself, does not create an issue of material fact. *Id.* at p. 1283-1284. The court noted, however, that the EEOC letter simply stated that "The Commission's investigation finds reasonable cause to believe that [Quaker] has violated the [ADEA]." *Id.* The court went on to say how it was "impossible from this letter to know what facts the EEOC considered and how it analyzed them." *Id.* Unmistakably, in this case, we are presented with a wholly different Report than the letter the Ninth Circuit had before it in *Quaker Oats*. Our Report is of much superior ranking and does contain

the facts the Commission considered and how it analyzed them. Thus, it should be given the weight it is due which is of sufficient value to overcome Micron's motion for summary judgment.

To some degree to what extent the Report is admissible may also speak to the issue of how much weight to give it and whether or not it is sufficient to raise a triable issue. The Ninth Circuit case of *Plummer v. Western Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir. 1981) and the cases cited therein may prove instructive on this point. In *Plummer,* the Ninth Circuit noted how it relied on the Fifth Circuit case of *Smith v. Universal Services, Inc.*, 454 F.2d 154, 156-58 (5th Cir. 1972), in determining whether and arguably to what extent to admit an EEOC report and determination. The *Plummer* court observed how the *Smith* court reversed the lower court's exclusion of an EEOC report and determination, because it would be a waste of the EEOC's function to exclude it. Interestingly, the *Smith* court appended a copy of the EEOC report and determination to its decision, and it is clear the report in question involved the admissibility of the full report rather than merely the finding of probable cause. *See also Bradshaw v. Zoological Soc. Of San Diego,* 569 F.2d 1066, 1069 (9th Cir. 1978); Fed. Rule Evid. 803(8)(c).

Accordingly, the Report here standing alone suffices to raise a triable issue, and subject to this court's review for trustworthiness, its entire contents ought to be considered in these summary judgment proceedings.

RESPECTFULLY SUBMITTED This 8 day of February, 2007.

JOHNSON & MONTELEONE, L.L.P.

Sam Johnson
Attorney for Plaintiff

## CERTIFICATE OF MAILING, DELIVERY, OR FACSIMILE TRANSMISSION

I CERTIFY that on February 8, 2007, I caused a true and correct copy of the foregoing document to be:

| | |
|---|---|
| ☐ mailed<br>☐ hand delivered<br>☒ CM/ECF Electronic Filing<br>☐ transmitted fax machine<br>to: | Patricia M. Olsson, Esq.<br>MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHTD.<br>101 S. Capitol Blvd., 10th Floor<br>Boise, ID 83701-0829 |

JOHNSON & MONTELEONE, L.L.P.

Sam Johnson
Attorney for Plaintiff