Patricia M. Olsson, ISB No. 3055
Paul D. McFarlane, ISB No. 7093
MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho 83701
Telephone (208) 345-2000
Facsimile (208) 385-5384
pmo@moffatt.com
14-059.134
Attorneys for Defendant Micron Technology, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUPITA N. CONNOR,<br><br>Plaintiff,<br><br>vs.<br><br>MICRON TECHNOLOGY, INC., a Delaware corporation, and JOHN/JANE DOES I through X whose true identities are presently unknown,<br><br>Defendants. | Civil No. 05-275-S-EJL<br><br>**MICRON TECHNOLOGY, INC.'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

**A. Is the IHRC's Probable Cause Determination is enough to create an issue of material fact to overcome summary judgment? NO. *Mondero v. Salt River Project*, 400 F.3d 1207, 1214 -1215 (9th Cir. 2005).**

In the Ninth Circuit, the fact that a probable cause determination is admissible at trial does not preclude summary judgment. Plaintiff contends otherwise, steadfastly relying on twenty-year-old language in the nearly obsolete case *Gifford v. Atchison, Topeka and Santa Fe Ry. Co.*: "The EEOC's report was sufficient at least to create an issue of fact on [plaintiff's retaliation claim]." 685 F.2d 1149, 1156 (9th Cir. 1982).[1] This is not the whole story.

[1] The Ninth Circuit's "admissible per se" rule originated in the Fifth Circuit in *Smith v. Universal Services, Inc.*, 454 F.2d 154 (5th Cir.1972). *See Plummer v. W. Int'l Hotels Co.*, 656 F.2d 502, 504 (9th Cir. 1981). However, the Fifth Circuit has since retreated from the per se

The *Gifford* opinion predates the United States Supreme Court's 1986 "trilogy" of cases that specified the quantum of evidence necessary to overcome a motion for summary judgment and altered the law of summary judgment.[2] Since then, courts in this and other circuits have held consistently that "a conclusory EEOC reasonable cause letter, standing alone, does not create an issue of material fact." *See, e.g., Mondero v. Salt River Project*, 400 F.3d 1207, 1214-15 (9th Cir. 2005) (holding that an EEOC letter which merely recites the plaintiff's allegations, is not "a free pass through summary judgment"*); Coleman v. Quaker Oats*, 232 F.3d 1271, 1284 (9th Cir. 2000), cert. denied, 533 U.S. 950 (2001); *see also Simms v. Oklahoma*, 165 F.3d 1321, 1331 (10th Cir.), *cert. denied*, 528 U.S. 815 (1999); *Goldberg v. B. Green and Co.*, Inc., 836 F.2d 845, 848 (4th Cir. 1988). The IHRC determination letter cannot be given weight because it is unreliable, conclusory, was not subject to cross-examination, and has no probative value in proving Plaintiff's claims.

The *Green* case is directly on point. In *Green*, the district court granted summary judgment despite the existence of an EEOC determination, where, as here, the investigator failed to interview the decision-makers and lay witnesses that had been misquoted by Plaintiff, evaluate credibility, and accurately assess the employer's proffered information as to John Morin's lack of supervisory status. *Green v. Maricopa County Community College School Dist.*, 265 F.Supp.2d 1110, 1129 (D. Ariz. 2003). Plaintiff cannot cite a single post-trilogy opinion, in any

---

rule. *Cortes v. Maxus Exploration Co.*, 977 F.2d 195, 201-02 (5th Cir. 1992) (the admission of a probable cause determination is subject to the trial judge's discretion).

[2] *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ( "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted," and a scintilla is insufficient); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) ("In the language of the Rule, the nonmoving party must come forward with "specific facts showing there is a genuine issue for trial.) (quoting Fed. R. Civ. Proc. 56(e)").

jurisdiction, that supports the *Gifford* passage. "When the independent facts before the district judge fail to establish a genuine issue of material fact, a favorable EEOC letter of determination does not create one." *Simms*, 165 F.3d at 1331.

**B. Should the Court give weight to an unreliable determination? NO. *Green v. Maricopa County College School Dist.*, 265 F.Supp.2d 1110, 1129 (D. Ariz. 2003).**

For summary judgment purposes, if the IHRC determination is untrustworthy, it is insufficient to preclude summary judgment. Once it is determined to be untrustworthy, the District Court should not be forced to pick through the IHRC determination for errors of law and violations of due process, as that would require the Court to conduct ever-deeper levels of mini-trials to evaluate the veracity of the agency's findings. Here, the agency's determination is patently untrustworthy because it included at least two errors of law:

- The IHRC erred in concluding there was a continuing course of conduct, such that Plaintiff's allegations relating to her affair with John Morin were time barred; and
- The IHRC erred in determining that John Morin was a supervisor, when he had no authority to hire or fire, or make final decisions about raises or evaluations.

The issue before the court is whether or not there is enough evidence to support Plaintiff's claims for sexual harassment and retaliation. The issue is not the whether the IHRC's nonbinding determination that does not find or resolve issues of fact gives Plaintiff a pass at summary judgment. Allowing the IHRC determination to automatically preclude summary judgment removes the Court's inherent summary judgment authority, and instills that authority in a behind the scenes and unsworn agency investigator. Moreover, unlike a witness that provides a sworn affidavit, Micron Technology, Inc. had no opportunity to depose or challenge the mistakes of fact and law in that determination. The better standard for determining the weight to be given the determination should be that granted by the United States Constitution – due process of law.

**C. Is the probable cause determination AND the report admissible? ONLY THE DETERMINATION ITSELF IS ADMISSIBLE. *Baldwin v. Rice*, 144 F.R.D. 102, 104 (E.D. Cal. 1992).**

Only the probable cause determination itself is admissible per se, and not the investigative report that accompanies it. *See Jordan v. Clark*, 847 F.2d 1368, 1378 (9th Cir. 1988) (the amount of administrative record to admit into evidence is within the discretion of the court); *see also Baldwin v. Rice*, 144 F.R.D. 102, 104 (E.D. Cal. 1992) (administrative record "often contains several levels of hearsay and exhibits of dubious evidentiary admissibility). The IHRC's conclusory report is akin to an agency letter of violation. The latter are not per se admissible, because a conclusory finding of violation that an employer had in fact discriminated against the employee, is potentially more prejudicial than an EEOC determination that there was probable cause to believe such discrimination had occurred. *Gilchrist v. Jim Slemons Imports, Inc.*, 803 F.2d 1488, 1500 (9th Cir. 1986). Here, the IHRC's erroneous, incomplete, and conclusory findings are more like a letter of violation than a mere determination of probable cause. The jury will find it difficult to independently evaluate evidence of sexual harassment discrimination after being informed that the IHRC has already examined the "evidence," and essentially found a violation. As such, the determination should not be admissible and should not serve to preclude summary judgment.

DATED this 9th day of February, 2007.

MOFFATT, THOMAS, BARRETT, ROCK & FIELDS, CHARTERED

By ______________________
Paul D. McFarlane – Of the Firm
Attorneys for Defendant ,
Micron Technology, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of February, 2007, I caused a true and correct copy of the foregoing **MICRON TECHNOLOGY, INC.'S SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent a Notice of Electronic Filing to the following persons:

D. Samuel Johnson
JOHNSON & MONTELEONE, L.L.P.
405 South 8th Street, Suite 250
Boise, Idaho 83702-7100

Paul D. McFarlane